**In re the Marriage of Patricia J. NELSEN, Petitioner, Respondent,**

**v.**

**Ronald E. NELSEN, Appellant.**

**No. C7–89–217.**

Court of Appeals of Minnesota.

Aug. 29, 1989.

John H. Daniels, Jr., Willeke & Daniels, Minneapolis, for appellant.

Stuart L. Finney, Fuller & Finney, Edina, for respondent.

Heard, considered and decided by KALITOWSKI, P.J., and CRIPPEN and SCHULTZ,* JJ.

## OPINION

HAROLD W. SCHULTZ, Judge.

Appellant Ronald Nelsen appeals from a January 4, 1989 order for amended judgment and January 13, 1989 amended judgment and claims the trial court erred in incorporating an additional finding in the January 4 order, which was not a condition of the parties' oral settlement agreement. We affirm.

## FACTS

The parties' marriage was dissolved by judgment entered June 24, 1985. Ronald was ordered to pay Patricia $1,100 in monthly spousal maintenance through May of 1987, at which time maintenance was reserved. In March of 1987, Patricia moved for increased and permanent maintenance.

At the motion hearing on June 1, 1988, the parties negotiated a settlement, which

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

was read into the record. The terms of the settlement are summarized as follows:

(1) The original judgment was to be reopened with Patricia receiving an additional property settlement totaling $68,000.

(2) $3,000 of the $68,000 property settlement represented Patricia's attorney fees and was to be paid on or before June 15, 1988.

(3) $5,000 of the settlement (with interest at eight percent per annum) was to be paid to Patricia on or before June 15, 1989.

(4) The remaining balance of $60,000 was to be paid in monthly sums of $1,000 per month commencing the first month following entry of an amended judgment.

(5) As security for the property settlement, Patricia was awarded a second mortgage on commercial property owned by Ronald in Eden Prairie, Minnesota.

(6) Ronald was to use his "best efforts" to convince the bank with which he did business to permit the filing of the second mortgage without jeopardizing his financial situation at the bank.

(7) If the bank was not willing to permit the recording of a second mortgage, the parties were to return to court, and presumably the stipulation could be vacated.

(8) If Ronald subsequently decided to sell the commercial property, Patricia agreed to accept replacement security which would make her as reasonably secure as the Eden Prairie property mortgage.

(9) The court retains jurisdiction to resolve any dispute as to the adequacy of replacement security.

(10) Life insurance upon Ronald's life payable to Patricia would be continued to further protect the property settlement.

(11) In the event a property settlement payment was missed, Patricia was authorized to seek collection against Ronald without prior notice of default.

(12) Health insurance coverage was to continue to be provided to Patricia by R & E Nelson Plumbing & Heating Company.

(13) Patricia agreed to waive her right to further spousal maintenance.

After the terms of the proposed settlement were read into the record, each party acknowledged they understood and agreed to all terms of the settlement. The trial court judge indicated the settlement was reasonable and would be incorporated into an amended judgment. Patricia's counsel was directed to prepare findings, a proposed order and an amended judgment, which were to be forwarded to Ronald's counsel for approval as to form. Ronald's counsel was then to forward the documents to the court.

The parties were subsequently unable to agree upon the terms to be incorporated into the order and amended judgment, because Ronald was having financial difficulties in his business and there was a possibility of bankruptcy. (On December 5, 1988 R & E Nelsen Plumbing & Heating Company, with Ronald as President, filed a Chapter 7 petition for bankruptcy.) Patricia's counsel proposed the order include a provision that the parties intended Ronald's payment obligations shall not be dischargeable in the event of bankruptcy. Ronald opposed this provision.

On December 6, 1988, Ronald moved the trial court to enter an order pursuant to the terms of the oral settlement agreement. Patricia opposed the motion and requested the trial court to incorporate the terms of the settlement agreement and to find that the parties intended Ronald's payment obligations shall not be dischargeable in the event of bankruptcy.

On January 4, 1989, the trial court entered an order for amended judgment incorporating the terms of the settlement agreement, and included a finding of fact stating that the parties intended Ronald's payment obligations under the settlement shall not be dischargeable in the event of bankruptcy. On January 13, 1989, an amended judgment was entered.

## ISSUE

Did the trial court abuse its discretion in finding that the parties intended appellant's payment obligations under the settlement agreement would not be dischargeable in the event of bankruptcy?

## ANALYSIS

Ronald claims the trial court erred in modifying the parties' settlement by incorporating Finding No. 6(C) in the January 4, 1989 order, which provides:

> The parties intend that the payment obligations from Respondent [Ronald] to Petitioner [Patricia] to be embodied, in Conclusion of Law, paragraph 27, shall not be dischargeable in bankruptcy, in the event the Respondent [Ronald] files a petition or has a petition filed against him under Title 11 of the United States Code (the Bankruptcy Code).

Generally, a finding of fact may not be set aside unless it is clearly erroneous. Minn.R.Civ.P. 52.01. A modification of a settlement agreement, prior to entry of judgment, will not be reversed unless there has been a clear abuse of discretion. *See Hellman v. Hellman*, 250 Minn. 422, 429, 84 N.W.2d 367, 372 (1957) (although a stipulation provided husband was to receive his work tools and equipment, the trial court did not abuse its discretion in modifying the stipulation before adopting it as part of the decree to authorize wife to retain the work tools and equipment).

In this case, the trial court incorporated all the terms of the parties' settlement agreement and included a finding that the parties intended Ronald's payment obligations would not be dischargeable in the event of bankruptcy. Although the parties did not explicitly agree to this provision, the tenor and intent of their agreement was to provide Patricia with ample security to assure that she would receive monthly payments, which were to be made in lieu of maintenance. Patricia was to receive a second mortgage on commercial property owned by Ronald and if that property was sold she was entitled to replacement security. The trial court maintained jurisdiction to determine adequate replacement security. Life insurance, payable to Patricia, was to be continued to protect the property settlement, and if a payment was missed under the property settlement, Patricia was authorized to seek collection against Ronald without prior notice of default.

A discharge of Ronald's payment obligations because of a bankruptcy would render the settlement agreement a nullity and defeat the intentions of the parties and the purpose of the agreement. The trial court's inclusion of the additional finding did not constitute a modification of an essential term of the agreement, but was instead a clarification of the underlying intentions of the parties. The finding was not clearly erroneous and its inclusion did not constitute an abuse of discretion. Trial courts have a duty to protect the interests of both parties and all citizens of the state to insure a stipulation is fair and reasonable. *Karon v. Karon*, 435 N.W.2d 501, 503 (Minn.1989).

## DECISION

The trial court's inclusion of the finding indicating that the parties intended appellant's payment obligations under the settlement agreement shall not be dischargeable in the event of bankruptcy did not constitute an abuse of discretion.

Affirmed.